**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III, Esq.
Nicholas J. Bontrager, Esq.
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorney for Plaintiff

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SELI, | CASE NO.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| SYNCHRONY BANK, | |
| Defendant | |

NOW COMES Plaintiff, THOMAS SELI, by and through his attorneys, Martin & Bontrager, APC, and files his Complaint against Defendant, SYNCHRONY BANK, as follows:

1. This is an action for damages brought by an individual consumer for Defendant's violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. § 1785, et. seq. ("CCCRAA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. §1788, *et seq.* (hereinafter "RFDCPA"), the California

Identity Theft Statute, Cal. Civ. § 1798, et seq. ("CITS) and the Fair Credit Reporting Act ("FCRA").

2. Plaintiff is a natural person residing in Los Angeles County in the State of California and is a "debtor" as defined by the RFDCPA and a "consumer" as defined by the CCCRAA.

3. At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting an alleged debt from Plaintiff which qualifies as a "consumer debt," as defined by the RFDCPA. Defendant regularly attempts to collect debts, and therefore is a "debt collector" as defined by the RFDCPA and is a "furnisher of information" as defined by Cal. Civ. Code § 1785.25(a). Defendant is therefore a "person" as defined by Cal. Civ. Code § 1785.3(j).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the instant claims asserted herein pursuant to 28 U.S.C. § 1332(a)(1), as Plaintiff is a citizen of California and Defendant is a corporation with its corporate headquarters, and citizenship, in Delaware. Further, the claims asserted herein exceed the minimum amount in controversy of $75,000.00.

5. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the facts alleged, and injuries caused, took place, or were caused within the State of California and in Los Angeles County. Further, Plaintiff, an individual consumer, resides within Los Angeles County and this Judicial District.

## FACTUAL ALLEGATIONS

6. Plaintiff is a victim of identity theft.

7. The identity of the thief is not known, but at least four (4) credit card accounts were opened using Plaintiff's information 2012, 2013 and 2018 – when

Plaintiff was only ten (10), eleven (11) and sixteen (16) years old, and thus could not have opened the credit cards legally.

8. This identity thief used the fraudulently obtained credit accounts the sum of approximately $12,000 in credit lines and made various charges over the years, as shown by Defendant's reporting of the accounts on Plaintiff's credit reports.

9. As the contact information used to create the fraud account was not that of Plaintiff's, Plaintiff was not aware of the opening of the account for years thereafter, until Plaintiff became of legal age and attempted to open up lines of credit under his name for the first time.

10. However, upon Plaintiff's notification of the fraudulently opened accounts, Plaintiff immediately contacted Defendant in writing, advising Defendant that Plaintiff did not open the accounts, Plaintiff did not authorize anyone to open the accounts, that Plaintiff did not purchase the items resulting in the charges, and requested that Defendant close the accounts and delete the credit reporting regarding same immediately.

11. Defendant has denied Plaintiff's claims.

12. Plaintiff has also submitted a police report provided information regarding same to Defendant. Defendant continues to deny Plaintiff's legitimate claims of Identity Theft and the accounts remain on Plaintiff's credit report(s) with the three (3) main Credit Reporting Agencies.

13. To this date, Defendant still allows the reporting of the accounts to remain on Plaintiff's credit reports and did not include any notation in said credit reporting that the debt is disputed as fraud by Plaintiff.

14. Plaintiff has spent countless hours over the past year trying to rectify this issue. Plaintiff has also reported this incident to the police.

15. As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and will continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

16. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from injury to his credit rating and reputation, and will continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

17. As a result of Defendant's conduct, Plaintiff has suffered decreased credit score as a result of errors and omissions appearing on his credit file, preventing him from being able to obtain credit, and diminishing his existing and future creditworthiness.

## FIRST CAUSE OF ACTION

**(Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§1785.25(a))**

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

20. California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

21. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not

1  continue reporting the information unless it provides a notice to the consumer
2  reporting agency that the information is disputed by the consumer.

3        22.    Defendant negligently and willfully furnished information to the
4  credit reporting agencies it knew or should have known was inaccurate.

5        23.    Based on these violations of Civil Code § 1785.25(a), Plaintiff is
6  entitled to the remedies afforded by Civil Code § 1785.31, including actual
7  damages, attorney's fees, pain and suffering, injunctive relief, and punitive
8  damages in an amount not less than $100 nor more than $5,000, for each violation
9  as the Court deems proper.

## SECOND CAUSE OF ACTION

**(Violation of the RFDCPA, CAL. CIV. CODE § 1788)**

      24.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

      25.    Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

      (a)    Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), by violating the following provisions of the FDCPA:

      1)    Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

      2)    Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

      3)    Defendant violated §1692e(8) by failing to report a disputed account as disputed;

   4) Defendant violated §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt.

   5) Defendant violated §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt, including seeking collection of a debt not authorized by contract or law.

  26. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

  27. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## THIRD CAUSE OF ACTION

## Violations of California Civil Code § 1798.92-97

  28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

  29. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

  30. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## PRAYER FOR RELIEF

  **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

31. An award of actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), Cal. Civ. Code § 1788.30(a), and Cal. Civ. Code § 1798.93(c).

32. Statutory damages in the amount of $ 1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

33. Statutory damages/civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);

34. Punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.25(a) pursuant to Cal. Civ. Code § 1785.31;

35. An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(d); 1788.30(d), and Cal. Civ. Code § 1798.93(c)(5).

36. Providing such further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff hereby demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: October 19, 2022     **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager

*Attorney for Plaintiff*